IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| EDWARD & ADDIE CHRISTIAN, | ) | CASE NO. 13-5367 |
| | ) | Chapter 7 |
| Debtors. | ) | Judge Lundin |

THE DEADLINE FOR FILING A TIMELY RESPONSE IS: OCTOBER 29, 2015.  IF A RESPONSE
IS TIMELY FILED, A HEARING WILL BE DECEMBER 9, 2015 AT 1:30 PM IN COURTROOM
NO. 2 U.S. CUSTOMS HOUSE, 701 BROADWAY, NASHVILLE, TN 37203.

NOTICE OF U.S. TRUSTEE'S MOTION TO DISMISS
DEBTOR'S CASE PURSUANT TO 11 U.S.C. § 707(b)

The U. S. Trustee, Region 8, has asked the Court to dismiss the Debtor's case for abuse pursuant to Section 707(b) of the Bankruptcy Code.  **YOUR RIGHTS MAY BE AFFECTED.**  If you do not want the court to grant the attached motion, or if you want the court to consider your views on the motion, then on or before **October 29, 2015**, you or your attorney must:

1.   File with the court your response or objection explaining your position. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at: https://ecf.tnmb.uscourts.gov.

     If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2.   **Your response must state that the deadline for filing responses is October 29, 2015, the date of the scheduled hearing will be December 9, 2015 and the motion to which you are responding is the U.S. Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 707(b).**

3.   If a timely response is filed, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may check whether a timely response has been filed by calling the Clerk's office at 615-736-5584 or viewing the case on the Court's web site at <https://ecf.tnmb.uscourts.gov>.

     If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

SAMUEL K. CROCKER,
UNITED STATES TRUSTEE


**/S/ CHARLES M. WALKER**
Charles M. Walker (TN BPR #19884)
Office of the United States Trustee
318 Customs House, 701 Broadway
Nashville, TN 37203
Telephone:     (615) 736-2254
Facsimile:      (615) 736-2260
charles.walker@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EDWARD & ADDIE CHRISTIAN, | ) | CASE NO. 13-5367 |
| | ) | Chapter 7 |
| Debtors. | ) | Judge Lundin |

## U.S. TRUSTEE'S MOTION TO DISMISS DEBTORS' CASE PURSUANT TO 11 U.S.C. § 707(b)(2) and (b)(3)

The United States Trustee ("UST") for Region 8, through the undersigned counsel, moves the Court to dismiss this case based on 11 U.S.C. § 707(b)(2) and (b)(3). In support of the motion the UST respectfully states as follows:

1. The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This motion is filed pursuant to 11 U.S.C. § 707(b)(2) and (3).

3. Edward and Addie Christian (the "Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, on August 3, 2015.

4. Susan Limor was appointed as Chapter 7 Trustee in this case and continues to serve in that capacity.

5. The initial Chapter 7 Section 341 meeting of creditors was scheduled for August 31, 2015. Debtor Edward Christian attended the 341 meeting of creditors and Debtor's filed a Motion to Conduct 341 Meeting by Interrogatories Co-Debtor, Addie Christian. The order granting the motion to conduct the meeting of creditors by interrogatories was entered on September 11, 2015.

6. Based upon a review of the Debtors' Schedules D, E and F and documents provided by the Debtors, the Debtors' obligations are primarily consumer debts.

7. The Debtors have scheduled $ 151,306.00 general unsecured debt on Schedule F.

8. Pursuant to 11 U.S.C. § 704(b)(1)(a), the UST reviewed the materials filed by the

Debtors. On September 9, 2015, the UST filed a Statement of Presumed Abuse (the "10 Day Statement") [ECF Docket Entry # 18].

9.      This Motion is filed within thirty (30) days of the 10 Day Statement and is timely.

10.      Based on the Debtors' Form B22A, statements and schedules and the documents provided to the UST, the Debtors' case is abusive pursuant to 11 U.S.C. § 707(b)(2).

11.      The applicable state median income for the Debtors' household is $50,983.00. Accordingly, Debtors' current income of $90,037.00 exceeds the applicable state median family income amount. The Debtors' Form B22A-2 states that "[t]here is a presumption of abuse."

12.      Section 707(b)(2)(A)(i)(I) of the Bankruptcy Code provides that the court shall presume abuse exists if the Debtors' current monthly income reduced by allowed deductions and multiplied by 60 is equal to or greater than, 25 percent of the nonpriority unsecured claims or $7,475, whichever is greater; or $12,475.00.

13.      The Debtors' Form B22A-2 shows that the Debtors' have $506.00/month disposable income.

14.      As part of discovery in this matter, the UST will request additional documents from the Debtors which may indicate that additional deductions on the B22A-2 are not applicable to this case. As a result of the forthcoming document request, the UST reserves the right to supplement this Motion with errors on the Debtors' B22A-2.

15.      Section 707(b)(1) provides that the court may dismiss a case filed by an individual whose debts are primarily consumer debts, or, with the Debtors' consent, convert a case to a case under Chapter 13 if it finds that granting relief would be an abuse of the provisions of Chapter 7. The Court should dismiss this case as an abuse of the Chapter 7 provisions pursuant to § 707(b)(1), based upon the presumption of abuse that arises pursuant to § 707(b)(2).

16.      The UST adopts and incorporates the allegations set forth above and states that an analysis of the Debtors' financial situation necessarily includes consideration of all factors relevant to the Debtors' ability to pay their debts. Accordingly, 11 U.S.C. § 707(b)(3) permits the Court to use

discretion in considering whether the Debtors' ability to pay demonstrates abuse under § 707(b)(3) if the presumption of abuse under § 707(b)(2) does not arise or is rebutted.

17.     Based on the testimony of Debtor, Edward Christian, he is in the process of relocating to Abu Dhabi, United Arab Emirates ("UAE") and Co-debtor, Addie Christian has already relocated to Abu Dhabi and is now working as a teacher employed by the Abu Dhabi government.

18.     The move to UAE is a voluntary move and significantly changes their financial situation. The UAE does not have a personal income tax and Debtors' income will be exempt from U.S income taxation under the foreign earned income exclusion.  The Debtors also benefit from a significant reduction in expenses since their housing and certain other expenses are provided as part of her employment contract.

19.     Further, the Debtor's budget indicates that they are making payments on non-dischargeable student loans; however, documents provided by the Debtors show that they have only made one full payment and a partial payment in 2015.

20.     Under § 707(b)(3), the Court considers evidence of the Debtors' actual circumstances to determine whether the debtors filed the petition in bad faith or the totality of the Debtors' financial situation demonstrates abuse.   In the instant case, the totality of the Debtors' financial situation demonstrates abuse under § 707(b).

21.     The UST made adjustments to the Debtors' income and payroll deductions on Schedule I and adjusted expenses on Schedule J based on their current and future income and expenses.  Based on these adjustments, the Debtor should have at least $2,314.00/month in disposable income.  A copy of the U.S. Trustee 707(b) Worksheet is attached hereto and incorporated by reference as Exhibit A.  The UST reserves the right to argue additional adjustments to Debtors' income or expenses if additional items are found to be incorrect during discovery.

22.     Granting relief to the Debtor would be an abuse of the provisions of Chapter 7 because the $2,314.00/month would pay 0ver 100% of the Debtors' general unsecured debts in a Chapter 13 plan. The U.S. Trustee's worksheet shows an 80% payout, but if you include the student loan payment that is in

the budget (as shown on Exhibit A, the UST reduced the student loan payment from $705/month to $563/month per the information provided by Debtors and would note that the Debtors have not actually been paying their student loan in 2015) with the corrected disposable income shown on Exhibit A, there would be $172,620.00 available to pay the $151,306.00 of unsecured debt over a 60 month chapter 13 plan.

WHEREFORE, the UST respectfully requests that, pursuant to § 707(b)(1), this Court dismiss this case, or in the alternative, with Debtors' consent, convert this case to a case under Chapter 13 of the Bankruptcy Code and to grant such other and further relief to which the UST may justly be entitled.

Respectfully submitted,

SAMUEL K. CROCKER,
UNITED STATES TRUSTEE, REGION 8

BY:      /S/ Charles M. Walker
         Charles M. Walker, #019884
         Office of the United States Trustee
         701 Broadway, Suite 318
         Nashville, TN 37203
         Telephone:      (615) 736-2254
         Facsimile:      (615) 736-2260
         charles.walker@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I forwarded a true and correct copy of the foregoing Motion to Dismiss Pursuant to 11 U.S.C. §707(b) by prepaid first class mail, and/or electronic notification for registered ECF users, to the Debtors, Debtors' Counsel and Chapter 7 Trustee on this the 8th day of October 2015:

**Edward & Addie Christian** (Via US MAIL)
2435 Poplar Hill Road
Watertown, TN 37184

                    /s/Charles M Walker
                    Charles M Walker, Trial Attorney

**UNITED STATES TRUSTEE 707(b) WORKSHEET**

**Ability to Pay Form for Abuse Analysis Under 11 U.S.C. § 707(b)**

Debtor(s): **Christian, Edward & Addie**                        Case No.: **15-05367-KL3-7**

§ 341 Meeting Date:       **08/31/15**                     Trustee:   **Limor**

§ 707(b) Motion Deadline:   **10/30/15**                Judge:    **Lundin**

                                                  Prepared by:    **John Shedd**

**A.  DEBT PER SCHEDULES D, E, & F**

1. Total Unsecured Debt:
   - a. Unsecured Portion of Secured Debt (for assets surrendered):   **$15,685**
   - b. Priority Unsecured Debt:   **$0**
   - c. General Unsecured Debt:   **$151,306**
   - d. Total Unsecured Debt   **$166,991**

2. Total Secured Debt   **$21,567**

3. Total Debt (secured plus unsecured):   **$188,558**

4.     Less Total Business and/or Non-Consumer Debt:   **$0**

5. Total Consumer Debt (secured consumer [e.g., home mortgage, car liens] plus unsecured consumer)   **$188,558**

6. Of total debt, percent that is consumer (must be > 50%)   **100.00%**

7. _____

      (Note any debt which cannot be determined to be consumer or business)

**B.  INCOME AND EXPENSES PER SCHEDULES I & J**
(Calculation of Monthly Disposable Income)

| | Debtor | Spouse | Combined |
|---|---|---|---|
| 1. Gross Income: | | | |
|    a. Monthly: | **$0** | **$5,309** | **$5,309** |
|    b. Annual: | **$0** | **$63,708** | **$63,708** |
| 2. Total Monthly Payroll Deductions: | | **$956** | **$956** |
| 3. Combined Monthly Net Income: | | | **$4,353** |
| 4. Total Combined Monthly Expenses: | | | **$4,336** |
| 5. Monthly Disposable Income (Net Income Less Expenses): | | | **$17** |
| 6. Monthly disposable income x 60: | | | **$1,020** |
| 7. Percentage dividend under Chapter 13 Plan (Line B-6 divided by total unsecured debt): | | | **0.61%** |

## C. IDENTIFY DUPLICATIVE, EXCESSIVE, OR DISCRETIONARY INCOME DEDUCTIONS & EXPENSES

| | | Scheduled Amount | Suggested Amount | Revision |
|---|---|---|---|---|
| 1. | INCOME ADJUSTMENTS: | | | |
| a. | Additional Income Not Reported: | | | |
| Item: | | | | |
| Item: | | | | |
| | Totals: | $0 | $0 | $0 |
| b. | Adjustments to Payroll Deductions: | | | |
| Item: | FIT/SS (no income tax in UAE, but allow | $955 | $200 | |
| Item: | some expense for misc taxes/deposits) | | | |
| Item: | | | | |
| Item: | | | | |
| Item: | | | | |
| | Totals: | $955 | $200 | ($755) |
| 2. | EXPENSE ADJUSTMENTS: | | | |
| Item: | Rental/home ownrshp (provided by ADEC) | $1,200 | $0 | |
| Item: | Transportation (including auto rental) | $350 | $500 | |
| Item: | Charitable contributions (zero for 2014 | $350 | $0 | |
| Item: | per tax return - no addl docs provided) | | | |
| Item: | Student loans (appears $563 is the | $705 | $563 | |
| Item: | scheduled payment, but only 1-1/2 | | | |
| Item: | payments made in 2015) | | | |
| Item: | | | | |
| Item: | | | | |
| Item: | | | | |
| | Totals: | $2,605 | $1,063 | ($1,542) |

| | | |
|---|---|---|
| 3. | Corrected Combined Net Income: | $5,108 |
| 4. | Corrected Combined Total Expenses: | $2,794 |
| 5. | Corrected Net Disposable Income (Corrected net income less corrected expenses): | $2,314 |
| 6. | Corrected Disposable Income x 60 mos. (total plan payment) | $138,840 |
| 7. | Corrected Percentage Dividend Under Ch. 13 Plan (Line C-6 divided by total unsecured debt) | 83.14% |

## D. CALCULATION OF CH. 13 TRUSTEE'S FEES AND POTENTIAL DEBTORS' ATTORNEY FEES
(which may reduce percentage of payment)

| | | | |
|---|---|---|---|
| 1. | Total plan payment amount   (disposable income x 60): | | $138,840 |
| 2. | Less: Ch. 13 trustee and Db atty's fee-based on estimate of: | 3.80% | $5,276 |
| 3. | Total plan payment less trustee and attorney's fee (Available funds for payment of unsecured debt) | | $133,564 |
| 4. | Final percentage dividend to unsecured creditors | | 79.98% |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **EDWARD & ADDIE CHRISTIAN,** | ) | **CASE NO. 13-5367** |
| | ) | **Chapter 7** |
| **Debtors.** | ) | **Judge Lundin** |

**ORDER DISMISSING CHAPTER 7**
**CASE  PURSUANT TO 11 U.S.C. § 707(b)**

This matter came before the Court as a result of the U.S. Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(b) (the "UST's Motion").  There was no opposition to the relief requested or all objections filed in opposition to the UST's Motion were withdrawn.

**IT IS THEREFORE ORDERED** that the Debtors Chapter 7 case is **DISMISSED**.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY**
**AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:

SAMUEL K CROCKER,
UNITED STATES TRUSTEE, REGION 8

BY:     _____
             Charles M. Walker, #19884
             Office of the United States Trustee
             701 Broadway, Suite 318
             Nashville, TN 37203
             Telephone:     (615) 736-2254
             Fax:               (615) 736-2260
             Email:            charles.walker@usdoj.gov